**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1303**

D'JARIS A. MOORE,

        Plaintiff - Appellant,

    v.

ELITE METAL PERFORMANCE LLC,

        Defendant - Appellee,

    and

ROBERT W. MURPHY; CAR SHOP TRAILER SERVICES LLC, d/b/a Best Price Trailers,

        Defendants.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge. (9:16-cv-00318-RMG)

Submitted: March 29, 2018                        Decided: April 3, 2018

Before WILKINSON, TRAXLER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant. Taylor S. Braithwaite, Robin A. Braithwaite, BRAITHWAITE

TIMMERMAN, LLC, Aiken, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this products liability action, D'Jaris A. Moore asserts strict liability, negligence, and breach of warranty claims against Elite Metal Performance, LLC ("Elite Metal"), arising from an alleged manufacturing defect in a tow dolly manufactured by Elite Metal.[1] Moore and the driver of the vehicle towing the dolly were driving on opposite sides of an interstate highway when one of the dolly's wheels detached and struck Moore's vehicle, resulting in injuries to Moore. Moore appeals the district court's orders granting summary judgment for Elite Metal and denying reconsideration. We affirm.

We review de novo a district court's decision to grant summary judgment, "applying the same legal standards as the district court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 341 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 171 (2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). To withstand a motion for summary

---

[1] Moore also asserted claims against additional parties, with whom she settled in the district court.

3

judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). We review the denial of a motion for reconsideration for abuse of discretion. *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014).

Moore first contends that the district court erred in granting summary judgment for Elite Metal on her strict liability and negligence claims by failing to consider circumstantial evidence demonstrating the unreasonably dangerous and defective condition of the dolly. Because Moore's injuries occurred in South Carolina and removal to district court was based on diversity of citizenship, South Carolina substantive law applies to her strict liability and negligence claims. *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 251 (4th Cir. 1999). In order to prevail in a manufacturing defect action under South Carolina law, a plaintiff "must establish three elements: (1) [s]he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant." *Rife v. Hitachi Constr. Mach. Co.*, 609 S.E.2d 565, 569 (S.C. Ct. App. 2005). "It is well-established that one cannot draw an inference of a defect from the mere fact a product failed" and "the plaintiff must offer some evidence beyond the product's failure itself to prove that it is unreasonably dangerous." *Graves v. CAS Med. Sys., Inc.*, 735 S.E.2d 650, 658-59 (S.C. 2012).

4

The district court properly granted summary judgment to Elite Metal on Moore's strict liability and negligence claims because Moore failed to show sufficient evidence of a manufacturing defect. First, to the extent that Moore seeks to raise new arguments on appeal regarding her theory of improper bearing lubrication, she fails to demonstrate exceptional circumstances warranting consideration of these arguments. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). We next observe that Moore's arguments regarding the newness of the dolly, its mileage, and the minor nature of its preaccident repair are not indicative of whether "the [dolly] was in a defective condition unreasonably dangerous to the user," but rather whether it was "in essentially the same condition at the time of the accident as it was when it left the hands of the defendant." *See Graves*, 735 S.E.2d at 658 (internal quotation marks omitted). Elite Metal's statement that it had not previously experienced a wheel detaching from one of its dollies is also not indicative of a manufacturing defect. Thus, the only proffered evidence of a manufacturing defect is a technician's purely factual observations of postaccident photographs of the dolly. Such evidence is insufficient because the ordinary juror would be unable to deduce a specific defect from these observations without expert testimony.[2] *See id.* at 658-59; *Watson v. Ford Motor Co.*, 699 S.E.2d 169, 175 (S.C. 2010). Because summary judgment on Moore's strict liability and negligence claims was proper, the district court did not abuse its discretion in denying reconsideration of these claims.

---

[2] Moore does not challenge on appeal the district court's exclusion of her expert testimony.

Moore next claims that the district court erroneously applied South Carolina's choice of law rules to conclude that North Carolina or Florida—rather than South Carolina—substantive law applied to her breach of warranty claim.[3] She contends that the district court misapplied South Carolina's "most significant relationship" test to determine choice of law and failed to consider South Carolina's public policy exception to its choice of law provisions.

Because Moore initially brought this action in South Carolina state court, South Carolina choice of law provisions apply to her breach of warranty claim. *Oglesby*, 190 F.3d at 251. In the absence of a choice of law agreement, the substantive law of the South Carolina Commercial Code "applies to transactions bearing an appropriate relation to [South Carolina]." S.C. Code Ann. § 36-1-301(b); *see* S.C. Code Ann. § 36-1-101(1); *Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 89-90 (4th Cir. 1989). This Court applies the "most significant relationship" test to determine whether the relevant transactions have an appropriate relation to South Carolina. *In re Merritt Dredging Co.*, 839 F.2d 203, 207 (4th Cir. 1988) (listing factors to consider).

The district court did not err in determining that North Carolina or Florida substantive law applied under the most significant relationship test, as Elite Metal manufactured the dolly in North Carolina and sold it to a store in Florida, which later sold

---

[3] Moore conceded before the district court that application of North Carolina or Florida substantive law would bar her breach of warranty claim and she does not argue on appeal that her breach of warranty claim would survive summary judgment under either state's laws.

the dolly to a Florida resident. *See Thornton*, 886 F.2d at 90 (holding that "breach of warranty claim bears an appropriate relationship to South Carolina" because "plaintiff's decedent was a resident of South Carolina, he purchased the airplane in South Carolina, he acquired the protections of the warranty in South Carolina, and he permanently stored and maintained the airplane in South Carolina"). With regard to the public policy exception to South Carolina's choice of law rules, even if the exception applied to breach of warranty claims, Moore fails to demonstrate entitlement to such exception. *See id.* at 88 ("[T]he absence of a comparable South Carolina statute of repose does not render the Tennessee statute contrary to South Carolina public policy"). Thus, the district court also properly granted summary judgment on Moore's breach of warranty claim and did not abuse its discretion in denying reconsideration of this claim.

Accordingly, we affirm the district court's orders granting summary judgment and denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*